**Darrel Lee SMITH, Plaintiff—Appellant,**

v.

**J. SWANEY, Sergeant; et al., Defendants—Appellees.**

No. 07–16770.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Oct. 7, 2010.

Darrel Lee Smith, Represa, CA, pro se.

---

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Darrel Lee Smith, a California prisoner, appeals pro se from the district court's order dismissing, under 28 U.S.C. § 1915A, Smith's 42 U.S.C. § 1983 action alleging retaliation and due process violations in connection with a prison grievance procedure and a disciplinary proceeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We may affirm on any ground supported by the record. *McSherry v. City of Long Beach,* 584 F.3d 1129, 1135 (9th Cir.2009). We affirm.

The district court did not err by dismissing Smith's complaint under 28 U.S.C. § 1915A. Prison grievance documents attached to the fifth amended complaint undermine Smith's retaliation claim by establishing that, at the time Swaney allegedly retaliated against Smith for filing a grievance, no grievance was on file. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988–89 (9th Cir.2001) (document attached to complaint fatally undermined allegations). The district court properly dismissed Smith's claim that the defendant violated his due process rights by canceling his grievance because a prisoner enjoys no constitutional right to a prison grievance procedure. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order) (no due process right to a prison grievance procedure). The district court

---

* The panel unanimously concludes this case is *suitable for decision without oral argument. See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

properly dismissed Smith's claim that his constitutional rights were violated when he was denied the opportunity to cross-examine a witness at his prison disciplinary proceeding because the Due Process Clause afforded Smith no such right. *See Sandin v. Conner*, 515 U.S. 472, 475–76, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (prisoner enjoys no due process right to present witnesses at prison disciplinary proceeding where no atypical hardship resulted).

Smith's remaining contentions are unpersuasive.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.